# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Marques Butler,

    Defendant

Case No.: 2:17-cr-00167-JAD-NJK

**Order Overruling Objections to Report and Recommendation, Adopting Report and Recommendation, and Denying Defendant's Motion to Suppress**

[ECF Nos. 18, 30, 31]

Marques Butler stands charged with being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He moves to suppress the firearm found on his person during a search of his home pursuant to a warrant, arguing that the warrant was overbroad and facially invalid.[1] Magistrate Judge Nancy Koppe recommends that I deny the motion to suppress.[2] In her Report and Recommendation, Judge Koppe found that (1) the warrant was facially valid, (2) the defendant's statements were not subject to the exclusionary rule, and (3) an evidentiary hearing was unnecessary.[3] Butler objects that Judge Koppe erred in (1) finding that the search warrant was supported by probable cause that contraband would be found in the residence, as opposed to the garage, (2) concluding that Butler's statements were not subject to exclusion, and (3) denying Butler's request for an evidentiary hearing.[4]

---

[1] ECF No. 18.
[2] ECF No. 30.
[3] *Id.*
[4] ECF No. 31.

Having reviewed the challenged portions of Judge Koppe's Report and Recommendation de novo, I find that the search warrant was supported by probable cause that evidence of criminal activity would be found in the residence and, thus, that the resulting detention of Butler was lawful and the firearm that was recovered should not be suppressed. So I adopt Judge Koppe's Report and Recommendation, overrule Buter's objections, and deny Butler's motion to suppress.

**Standard of Review**

When a magistrate judge provides findings and recommendations in a criminal case, the district judge "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[5] Local Rule IB 3-2(b) requires de novo consideration only of specific objections. The standard for reviewing unobjected-to sections is left to the district judge's discretion.[6] Because Butler challenges Judge Koppe's conclusions that the warrant was supported by probable cause, a hearing was unnecessary, and Butler's statements should not be excluded, I evaluate those issues de novo. I adopt all other findings and conclusions without further review.

**Background**

Butler was arrested on March 18, 2017, during the execution of a search warrant at 717 Dolores in Las Vegas.[7] When Las Vegas Metropolitan Police Department (Metro) police officers arrived, Butler was standing in the driveway.[8] The officers asked him to raise his hands,

---

[5] Fed. R. Crim. P. 59(b)(3).

[6] *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (emphasis in original) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

[7] ECF No. 18 at 5.

[8] *Id.*

and in complying, Butler revealed a firearm in his waistband.[9] Butler subsequently made statements to Metro officers.[10] He moves to suppress the firearm and those subsequent statements not on the basis of this search, but on the validity of the search warrant that brought the officers to 717 Delores.[11]

Prior to the search, Metro Officer J. Bonaduidi obtained a state search warrant for the residence, including its garage.[12] Bonaduidi provided detailed evidence that Danny Burks sold methamphetamine at 717 Dolores in an affidavit supporting the application for a search warrant.[13] As relevant here, the affidavit included the following information:

- "Confidential Citizen Source 1" reported that a person known as "Danny" was selling methamphetamine from a house in the area with a bright red garage door.[14]
- "Confidential Citizen Source 2" reported that a person known as "Danny" was selling methamphetamine from garage with a bright red door in a house on Dolores.[15] The source added that a homicide occurred there in February 2017, in which "Danny" was shot in the leg and "Uncle Reggie" was killed.[16]
- A Google Maps search showed that 717 Delores had a bright red garage door.[17]

---

[9] *Id.* at 3.
[10] *Id.*
[11] *Id.* at 5–8.
[12] ECF No. 18-1.
[13] *Id.* at 4–20.
[14] *Id.* at 5.
[15] *Id.* at 6–7.
[16] *Id.* at 7.
[17] *Id.*

- A homicide occurred on February 7, 2017, at 717 Dolores.[18] The perpetrator knocked on the garage door before proceeding to the front door, where the perpetrator fired through the partially opened door at two individuals.[19] Danny Burks was identified as the surviving victim.[20]
- The homicide investigation uncovered details about methamphetamine sales at 717 Dolores.[21] If the garage door was open, customers would enter through it.[22] If closed, customers would knock on the garage door before proceeding to the front door.[23] Metro officers found this pattern consistent with the homicide perpetrator's behavior.[24] The investigation also revealed that Danny Burks slept in the garage.[25]
- Metro later utilized a confidential informant to purchase methamphetamine at 717 Dolores.[26] The informant entered through the partially-opened garage door and purchased methamphetamine from Danny Burks.[27]

---

[18] *Id.* at 8.
[19] *Id.*
[20] *Id.*
[21] *Id.* at 9.
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.* at 12–14.
[27] *Id.*

- "Confidential Citizen Source 3" reported that, to purchase methamphetamine at 717 Dolores, the customer would knock on the garage door and then walk to the front door of the residence.[28] "Danny" would meet the customer at the front door.[29]
- Metro officers surveilling 717 Dolores observed "Danny" exiting the front door.[30]
- Metro officers surveilling 717 Dolores later observed an unknown individual knocking on the garage door and then walking to the front door.[31]

The state-court judge found probable cause that methamphetamine and other contraband would be found at 717 Dolores and authorized a search of the entire residence, including the garage.[32]

## Discussion

### I. Probable cause

Judge Koppe found that the search warrant was supported by probable cause that evidence of a crime would be discovered both in the residence itself and in the garage.[33] Butler objects that there was insufficient evidence to support probable cause that evidence of criminal activity would be found in the residence.[34] The government responds that Bonaduidi's affidavit sufficiently ties the residence to the sale of methamphetamine.[35]

---

[28] *Id.* at 15.
[29] *Id.*
[30] *Id.* at 18.
[31] *Id.* at 18–19.
[32] *Id.* at 24–26.
[33] ECF No. 30 at 9.
[34] ECF No. 31 at 3.
[35] ECF No. 32 at 5–8.

Probable cause exists if, based on the totality of the circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place."[36] The magistrate judge need not determine "that the evidence is more likely than not to be found where the search takes place . . . . The magistrate [judge] need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit."[37] And "probable cause does not require officers to rule out a suspect's innocent explanation of suspicious facts."[38] Federal courts pay "great deference" to a "magistrate's determination of probable cause."[39]

I agree with Judge Koppe that the affidavit includes facts supporting probable cause that evidence of a crime would be found in the residence. The confidential source accounts, homicide investigation, and police surveillance detailed above and in the affidavit suggest that, in order to purchase methamphetamine from Danny Burks, customers would knock on the garage door and then, if unsuccessful, proceed to the front door. Police surveillance also confirmed that suspected methamphetamine dealer Danny Burks would use the front door of the residence, and the drug-related homicide took place at that front door. Under the relevant standard, I need not rule out Butler's innocent explanations for these connections between the residence and drug sales. Rather, I find that under the totality of the circumstances, and paying deference to the reviewing magistrate, the affidavit supports a fair probability that evidence of a crime would be found in the residence. So I overrule Butler's objection on this ground.

---

[36] *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

[37] *United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir.1991) (quoting *United States v. Fannin*, 817 F.2d 1379, 1382 (9th Cir. 1987)).

[38] *D.C. v. Wesby*, 138 S. Ct. 577, 588 (2018).

[39] *Gates,* 462 U.S. at 236.

## II. Butler's statements

Judge Koppe found that Butler waived any arguments for suppressing his statements because he failed to provide any analysis.[40] Butler objects, arguing that his statements must be excluded because they resulted from an invalid search warrant.[41] The government responds that Butler waived his arguments, but if the search warrant is valid, Butler's statements should not be excluded.[42]

Under the fruit-of-the-poisonous-tree doctrine, statements that result from an illegal search must be excluded.[43] But because I find that the search warrant was valid, Buter's subsequent statements need not be excluded. I thus overrule Butler's objection on this ground.

## III. Denial of evidentiary hearing

Judge Koppe denied Butler's request for an evidentiary hearing because she found there were no contested issues of fact requiring one.[44] Butler objects, arguing that he is entitled to an evidentiary hearing if I consider whether the executing officers reasonably relied on an invalid search warrant. But I find that the search warrant was valid and do not consider reasonable reliance. So, I overrule Butler's objection on this ground, adopt the report and recommendation, and deny Butler's motion to suppress.

### Conclusion

IT IS HEREBY ORDERED that Butler's objections **[ECF No. 31]** to Magistrate Judge Koppe's report and recommendation **[ECF No. 30] are OVERRULED**.

---

[40] ECF No. 30 at 10.
[41] ECF No. 31 at 8.
[42] ECF No. 32 at 8.
[43] *See Wong Sun v. United States*, 371 U.S. 471, 485 (1963).
[44] ECF No. 30 at 5.

7

IT IS FURTHER ORDERED that the report and recommendation **[ECF No. 30] is ADOPTED.** Butler's motion to suppress **[ECF No. 18] is DENIED.**

Dated: January 8, 2020

_____
U.S. District Judge Jennifer A. Dorsey